# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3429
trgeremia@JonesDay.com

June 20, 2014

**BY CM / ECF**

The Honorable Shelley C. Chapman
U.S. Bankruptcy Judge
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Lehman Bros. Holdings Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.)*, No. 13-01340 (Bankr. S.D.N.Y.)

Dear Judge Chapman:

We represent the plaintiffs in the above-captioned adversary proceeding, Lehman Brothers Holdings Inc. and Lehman Brothers OTC Derivatives Inc. (collectively, "Lehman"). We write in accordance with Your Honor's individual rules and Local Bankruptcy Rule 7007-1(b) to request an informal conference to resolve a discovery scheduling issue. In particular, Lehman respectfully requests that the date for making expert disclosures, set forth in the Stipulated Scheduling Order (Dkt. No. 26 ¶ 4), be extended 28 days from July 1, 2014 to July 29, 2014. This modest extension of an interim deadline would not impact any of the end dates under the Scheduling Order, and it will not prejudice the defendant, Intel Corp., in any manner. Nevertheless, Intel has refused to consent to this request.

This is the first adjournment of any pre-trial date that Lehman has requested from the Court in this matter.[1] The parties have diligently conducted fact discovery and worked out scheduling disputes, without having raised a single issue with the Court. They have collectively produced a total of more than 45,000 documents and taken eleven depositions of party and non-party witnesses. Intel has also sought several adjournments of briefing and discovery deadlines

---

[1] Intel consented to a 35-day extension for Lehman to complete its first production of documents, although Lehman had made rolling productions beginning on the original deadline. Likewise, Lehman served its initial document requests on Intel pursuant to a Rule 2004 subpoena on February 4, 2010, calling for the production of documents within thirty days. Lehman consented to several extensions of that date, and Intel did not complete its production until eight months after service of the subpoena, in October 2010.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

The Honorable Shelley C. Chapman
June 20, 2014
Page 2

from Lehman, and in each case Lehman has consented.[2]  Intel is nevertheless refusing to consent to Lehman's request to extend the date for making expert disclosures, and its refusal here is unreasonable.

Lehman needs this limited extra time to make initial expert disclosures to evaluate the record on fact discovery, which only recently has been completed, and to complete its analysis along with its potential experts of what expert opinion evidence, if any, is warranted in light of this record and to complete the requisite disclosures.  As the Court can appreciate, Lehman is seeking to conduct this and its other adversary matters in an efficient and cost-effective manner that, to the extent possible, conserves the estate's limited resources.  Although the parties have diligently conducted fact discovery, depositions have been back-loaded in the schedule.  Five of the eleven depositions that have been taken in this matter have occurred in the last 45 days.  Four of those had Lehman's counsel travelling from New York to Palo Alto, California for depositions of Intel's witnesses, and then to Hong Kong for a non-party deposition that Intel took of a former Lehman employee.  Lehman also tried to avoid backing up depositions against the expert disclosure deadline in this manner.  On April 10, 2014, Lehman noticed the last three depositions it took—all in Palo Alto, to accommodate Intel's witnesses—to be completed by mid-May, specifically April 29 (Doug Lusk), May 1 (Ravi Jacob), and May 16 (Stacy Smith).  One of these Intel witnesses (Mr. Jacob) was not made available to Lehman until June 3, more than a month after the noticed date, and Intel's counsel initially informed us that another (Mr. Lusk) was not available until May 29, also a full month after the noticed date.  Though the parties worked out the schedule among themselves, these depositions were ultimately not concluded until the first week of June (specifically, Mr. Lusk, May 23; Mr. Smith, June 3; and Mr. Jacob, June 5), less than one month before the expert disclosure deadline.

Intel also took the last of its depositions on June 17, 2014.[3]  Without first even asking Lehman to consent to an extension of the fact discovery deadline or even consulting with

---

[2] Lehman has not refused its consent to any request for an extension made by Intel.  Intel sought, and Lehman consented to, a 37-day extension of the date for serving initial interrogatories pursuant to Local Bankruptcy Rule 7033-1(b).  And, when Lehman requested Intel's consent to a one-week extension of the May 30, 2014 date for serving requests for admission and contention interrogatories, Intel responded by requesting that this date be extended an additional 18 days, to June 24, 2014.  Lehman also consented to that request by Intel.  Lehman has additionally consented to an extension of time for Intel to respond to the Complaint (*see* Dkt. No. 3), multiple requests by Intel to adjust briefing deadlines (on Intel's motion to dismiss and on its motion to withdraw the reference from this Court, *see* Dkt. No. 19 and *Lehman Bros. Holdings Inc. v. Intel Corp.*, Dist. Ct. Case No. 14-cv-00293 (JGK) (S.D.N.Y) (the "District Court Action"), Dkt. No. 5), and a request by Intel to adjourn the oral argument on Intel's motion to withdraw the reference.  *See* Dkt. No. 13 of the District Court Action.

The Honorable Shelley C. Chapman
June 20, 2014
Page 3

Lehman's counsel, Intel had also unilaterally scheduled a deposition of a non-party witness for June 30, 2014—a full *two weeks* after the end of fact discovery under the Stipulated Scheduling Order, and one day before the current date for expert disclosures. Only hours before it refused to consent to Lehman's request for an extension of the expert disclosure deadline, however, Intel informed Lehman that it would no longer be proceeding with this non-party deposition.

   All of this above-described activity running up to the currently scheduled July 1, 2014 expert disclosure date has preoccupied the estate, which supervises this matter closely and does not have unlimited resources, and its counsel. In addition, the requested extension, from July 1 to July 29, is necessary to allow Lehman sufficient time to complete its analysis of the discovery record; make a fully informed judgment with its expert consultants on the basis of this record about what expert disclosures are warranted; and work to complete any disclosures in an orderly and cost-efficient manner in light of the record adduced to date.

   There is also absolutely no prejudice to Intel in moving this date for initial expert disclosures. The schedule currently calls for rebuttal expert reports to be submitted by August 22, 2014, with all expert discovery to be completed by October 10, 2014 and dispositive motions to be submitted by November 14, 2014. The requested extension of the date for submitting initial expert disclosures could be granted without impacting the ultimate end date for expert discovery or the date for submitting dispositive motions. And, while Lehman submits that no other pre-trial dates would need to be changed to accommodate this request, Lehman has also proposed to Intel that the date for submitting rebuttal reports could be moved from August 22 to September 12, while still allowing the parties ample time to conduct expert depositions under the currently scheduled end date for expert discovery. Intel has not stated any particular objection to moving the date for rebuttal reports in this manner. Indeed, in refusing to consent to Lehman's request, Intel does not—and cannot—point to any prejudice to it if Lehman's request is granted. Rather, notwithstanding that Lehman requested an extension of the date for initial expert disclosures a full two weeks in advance, Intel contends that Lehman's request was made too late and Intel offers that it is prepared to meet the July 1 deadline. *See* Ex. A, hereto. Neither of these is a reason to deny Lehman's request or a ground for asserting any prejudice here.

   Lehman therefore respectfully requests that the Court extend the date for making expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) from July 1, 2014 to July 29, 2014. We are available at the Court's convenience to further discuss this request at an informal conference, should the Court require one.

---

(continued…)

[3] Lehman also consented to Intel taking this deposition one day after the close of fact discovery.

**JONES DAY**

The Honorable Shelley C. Chapman
June 20, 2014
Page 4

                                                         Respectfully submitted,

                                                         Todd R. Geremia

cc:      John J. Buckley, Jr.

# EXHIBIT A

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JAMES H. WEINGARTEN
(202) 434-5775
jweingarten@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 19, 2014

<u>Via E-mail & Overnight Mail</u>

Todd Geremia
Jones Day
222 East 41st Street
New York, NY 10017

    Re:    <u>Lehman Brothers Holdings, Inc., et al. v. Intel Corporation</u>, No. 13-01340 (SCC)
             <u>(Bankr. S.D.N.Y.)</u>

Dear Todd:

    We write in response to: (1) Plaintiffs' June 13, 2014 Rule 30(b)(6) deposition notice and (2) Plaintiffs' June 16, 2014 request to extend the case schedule regarding expert disclosures.

    First, Intel objects to the noticed Rule 30(b)(6) deposition. Plaintiffs served their deposition notice via e-mail on Friday, June 13 at 4:33 pm for a deposition of Intel to commence in Palo Alto, CA, on Monday, June 16 at 9:30 am, which was the next business day and the last day of fact discovery. Plaintiffs never previously indicated any intent to serve this deposition notice. Plaintiffs' provision of *less than one business hour* of notice is *per se* unreasonable and unduly burdensome under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. In effect, the deposition notice was necessarily for a date after the close of fact discovery and, therefore, untimely. Indeed, Plaintiffs recognized that compliance with its tardy notice was not possible in the transmittal e-mail attaching the notice, specifying that Plaintiffs "remain flexible to reschedule it to a more convenient date." Intel promptly objected to Plaintiffs' notice at 6:11 pm on Friday, June 13.

    Plaintiffs' notice also is improper because it is blatantly untimely, as discovery requests must be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date. Pursuant to the Stipulated Scheduling Order entered on August 27, 2013, fact discovery in this matter "shall be completed by June 16, 2014." Stipulated Scheduling Order ¶ 2. Intel will object to any attempt to re-notice this deposition as unreasonable, unduly

**WILLIAMS & CONNOLLY LLP**

Todd Geremia
June 19, 2014
Page 2

burdensome, and untimely since it is after the close of fact discovery. Intel also reserves all rights to object to any re-noticed deposition on any other grounds.

      Second, Intel does not consent to Plaintiffs' request for an extension of the expert disclosure date from July 1 to July 29, 2014 (and expert rebuttals from August 22 to September 12, 2014). Plaintiffs first made this request on June 16, just two weeks prior to the July 1 expert disclosure deadline. The Court endorsed the parties' Stipulated Scheduling Order on August 27, 2013, meaning the expert discovery deadline has existed for nearly 10 months. Contrary to your e-mail on June 17, there has been no "pushout of fact discovery" to justify such an extension. As a matter of courtesy, Intel granted *Plaintiffs'* request for an extension regarding contention interrogatories and requests for admission and agreed to postpone one deposition noticed by Intel by one day. (Intel had provided proper notice of that deposition, as it has with all of its noticed depositions, more than two weeks prior to the close of fact discovery). And while you cite in your June 17 e-mail unspecified "schedules and work on other matters" relating to Plaintiffs' counsel, those do not constitute good cause to amend the Scheduling Order when the Stipulated Scheduling Order has been in effect for nearly ten months, the expert disclosure deadline is two weeks away, and your general and vague reasons do not identify any unanticipated and unavoidable intervening events. Intel has been working diligently to meet the deadlines for expert disclosures and will not consent to an extension at this late date.

                                  Sincerely,

                                  James Weingarten