LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JOHN BUCKLEY
(202) 434-5051
jbuckley@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 23, 2014

<u>Via Electronic Case Filing</u>

The Hon. Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, NY 10004-1408

  Re: *Lehman Brothers Holdings, Inc. & Lehman Brothers OTC Derivatives, Inc. v. Intel Corporation*, No. 13-01340 (SCC)

Dear Judge Chapman:

  On behalf of Defendant Intel Corporation, we write to respond to the letter filed on June 20, 2014 (ECF No. 42) by Plaintiffs Lehman Brothers Holdings Inc. and Lehman Brothers OTC Derivatives Inc. (together, "Lehman"), seeking to extend the schedule in this case.

  The transaction at issue terminated on September 29, 2008. Lehman served a wide-reaching Rule 2004 subpoena on Intel on February 4, 2010, and Intel produced tens of thousands of documents pursuant to that subpoena on a rolling basis through October 2010. Plaintiffs filed suit on May 1, 2013 (ECF No. 1). On August 27, 2013, the Court endorsed a Stipulated Scheduling Order stating that "[a]ll fact discovery shall be completed by June 16, 2014" and that "[d]isclosures of expert testimony . . . will be exchanged on July 1, 2014." ECF No. 26 at 2-3. Lehman thus began to explore this suit more than four years ago, has possessed Intel's documents for more than three and a half years, and agreed nearly ten months ago to a schedule that terminated fact discovery in June and called for expert disclosures at the start of July. Intel, for its part, obtained no documents at all from Lehman until October 2013. Operating from a significant informational disadvantage, Intel has complied with the scheduling order, and there is no reason why Lehman cannot do the same.

  Yet at 4:33 pm on Friday, June 13—the day before the close of fact discovery—Lehman served a notice calling for the deposition of a corporate representative of Intel at 9:30 am the next business day (i.e., *less than one business hour of notice*). *See* Ex. A. Then, at 6:59 pm on that next business day (i.e., Monday, June 16, the last day of fact discovery), Lehman asked to extend the July 1 expert disclosure deadline. *See* Ex. B. On June 17, Lehman vaguely proffered fact discovery and the work schedules of Lehman's counsel as the justification. *See* Ex. C. Intel objected to Lehman's deposition notice as unreasonable, unduly burdensome, and untimely and

13-01340-scc    Doc 43    Filed 06/23/14    Entered 06/23/14 17:24:22    Main Document
Pg 2 of 20

WILLIAMS & CONNOLLY LLP

The Hon. Shelley C. Chapman
June 23, 2014
Page 2

also informed Lehman that Intel could not consent to the requested extension of expert discovery because Lehman had not provided good cause to amend the Court's long-standing Scheduling Order. ECF No. 42 at Ex. A. Lehman, in other words, identified no concrete reason for extending the schedule and no unforeseen intervening events that could not have been avoided through simple diligence. Lehman did not respond to Intel and instead filed its letter with the Court the next day.

In the four years since Lehman first served its subpoena on Intel, the parties successfully have worked through many discovery and scheduling matters. Both parties commonly have extended professional courtesies to one another. But the Court entered an order setting a schedule for this case on the basis of dates that the parties agreed would provide enough time to complete discovery. There have been no surprises or unexpected developments that justify extending the schedule. In a suit in which one party seeks simply to recover money damages, one can always argue (as Lehman does) that an extension of time does not prejudice anyone. If that were the inquiry, no deadline would have any meaning. The fact of the matter is that Intel has worked hard to meet the schedule that the Court ordered, and that was agreed between the parties. Lehman should be required to do the same.

The points Lehman makes in its letter to the Court (most of which Lehman did not raise with Intel) are not persuasive. First, Lehman emphasizes that the parties have "worked out scheduling disputes," listing a series of extensions negotiated by the parties with respect to document productions, interrogatories, and so on. ECF No. 42 at 1-2. Lehman has selectively omitted many extensions that it has sought during discovery (Intel has acceded to every one of Lehman's past requests for extensions), and heavily weights its description towards requests made by Intel. Intel sees no reason to respond with a full list of the extensions sought by Lehman, because it makes no difference: the parties' routine cooperation with respect to responding to interim fact discovery requests (matters that clearly did not warrant Court intervention) has no bearing as to whether the Court-ordered expert disclosure deadlines should be extended. This is particularly true where Lehman has failed to present any good cause for its request.

Second, Lehman states that Intel took its last deposition on June 17, 2014, and states that Lehman "consented" to this deposition "one day after the close of fact discovery." ECF No. 42 at 2 & n.3. That is an extraordinary mischaracterization. Intel noticed this deposition on May 22, 2014 (i.e., weeks in advance) for June 13, and *Lehman* requested that the deposition be moved to June 17. *See* Ex. D. Moreover, this was a deposition of a Lehman corporate representative—by definition, Lehman already possessed the knowledge of that witness before this deposition, and the date of this particular deposition therefore has no relevance to any extension of expert discovery.

Third, Lehman charges that Intel "unilaterally scheduled a deposition of a non-party witness for June 30, 2014." ECF No. 42 at 2-3. This, too, mischaracterizes events. Because Intel was unable to obtain from Lehman basic information regarding the disposition of Intel shares that Lehman purportedly purchased but never delivered to Intel in connection with the transaction at issue, Intel served a deposition subpoena upon Lehman Brothers Inc. ("LBI") and scheduled the deposition (again, weeks in advance) for a date within the discovery deadline.

The Hon. Shelley C. Chapman
June 23, 2014
Page 3

LBI, not Intel, requested that this date be deferred, *see* Ex. E; as a courtesy to LBI, which is not a party to this litigation, Intel agreed, *but then canceled that deposition altogether*. Since this deposition did not and will not take place, and Lehman itself never sought this deposition anyway, Intel fails to see the relevance of this point as to whether expert discovery deadlines should be extended.

Fourth, Lehman suggests that despite its own best efforts, Intel forced Lehman's depositions of Intel fact witnesses to take place at the end of the fact discovery period. ECF No. 42 at 2. However, despite possessing Intel's document production since 2010, Lehman waited until mid-April 2014 to request the depositions of Intel's Treasurer and CFO, two of the most senior executives at the company. Intel worked assiduously to arrange the schedules of these senior officers to prepare and present them for depositions promptly following Lehman's request, and those depositions were concluded by June 5. Lehman never raised any concern about the scheduling of these depositions; the first time that Lehman linked the scheduling of these depositions to its ability to comply with the expert discovery deadline was in Lehman's June 20 letter to the Court. Moreover, Lehman agreed last August to a schedule that expressly contemplated depositions taking place through June 16, with expert disclosures due on July 1. Lehman thus ended up with *more* time than the schedule contemplated between the conclusion of its fact-witness depositions and the deadline for expert disclosures.

Under Federal Rule of Civil Procedure 16(b)(4) and Federal Rule of Bankruptcy Procedure 7016, the Court-endorsed scheduling order may be modified "only for good cause." "To demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence." *In re Orange Boat Sales*, 239 B.R. 471, 474 (Bankr. S.D.N.Y. 1999). "The practice in federal court has long been strict adherence to discovery cut-off dates, absent a showing of good cause." *Id*. Lehman has put forward no reason whatsoever to justify an extension other than that it would like more time, and plainly has made no showing of good cause (the proposition that fact discovery in this case "has preoccupied the estate," ECF No. 42 at 3, obviously does not suffice). Instead, Lehman has attempted to flip the burden, arguing that "Intel has not stated any particular objection," and "cannot[] point to any prejudice" from an extension of the expert deadlines. *Id*.[1]

But that is not the point. Both sides should be required to play by the same rules. Lehman should not be permitted—after Intel worked hard to meet the agreed deadlines—to avoid the agreed schedule simply because it would prefer more time. Intel believes that no extension of the expert schedule is warranted. The parties have had plenty of time to develop

---

[1] In any event, Intel *is* prejudiced. Both parties are in the same position with respect to the incorporation of fact discovery into any expert disclosures. Intel has worked to meet the deadline that the Court ordered (and that was agreed to by the parties), and Lehman has had every opportunity to do the same. Yet Lehman's proposes to add four weeks to the schedule for opening expert disclosures, while proposing to retain the back-end of the schedule as is (or alternatively to shift rebuttal reports by three weeks). Lehman is the plaintiff with the burden of proof, and Intel expects that it will need the full amount of time that the parties negotiated for rebuttal reports. Intel should not be forced to undertake rebuttal disclosures and expert depositions on an expedited schedule.

The Hon. Shelley C. Chapman
June 23, 2014
Page 4

fact discovery, and Lehman has not pointed to anything unforeseen that would prevent its experts from completing their expert disclosures for timely submission on July 1, consistent with the Court-ordered schedule.  Lehman has not demonstrated the good cause needed for an eleventh-hour amendment to the expert deadline it agreed to ten months ago.

           Sincerely,

           /s/ John J. Buckley, Jr.
           John J. Buckley, Jr.

cc:    Counsel for Lehman Brothers Holdings, Inc. and Lehman Brothers OTC Derivatives, Inc.
        (*via ECF and electronic mail*)

# Exhibit A

# Weingarten, James

| | |
|---|---|
| **From:** | Mahesh V Parlikad [mvparlikad@JonesDay.com] |
| **Sent:** | Friday, June 13, 2014 4:33 PM |
| **To:** | Weingarten, James |
| **Cc:** | Kurtzer-Ellenbogen, David; Todd R Geremia |
| **Subject:** | Lehman Brothers Holdings Inc., et al. v. Intel Corp., No. 13-01340-SCC (Bankr. S.D.N.Y.) |
| **Attachments:** | 4592310_1.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

James,

Please see the attached Plaintiffs' Rule 30(b)(6) deposition notice on Intel.  We have noticed it for June 16 in keeping with the scheduling-stipulation, but remain flexible to reschedule it to a more convenient date.

Thanks,
Hesh


Mahesh V. Parlikad
[JONES DAY® - One Firm Worldwide℠](#)
222 East 41st Street
New York, New York 10017
Office  212.326.3474
Fax: 212.755.7306




==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re: : Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : Case No. 08-13555 (SCC)
: 
Debtors. : (Jointly Administered)
------------------------------------------------------------X
: 
LEHMAN BROTHERS HOLDINGS INC. and :
LEHMAN BROTHERS OTC DERIVATIVES INC.: Adv. Proc. No. 13-01340 (SCC)
: 
: 
: 
Plaintiffs, : **NOTICE OF RULE 30(b)(6)**
: **DEPOSITION OF DEFENDANT**
v. : **INTEL CORPORATION**
: 
INTEL CORP., :
: 
: 
Defendant. :
------------------------------------------------------------X

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this matter by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiffs Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers OTC Derivatives Inc. ("LOTC," together with LBHI, "Plaintiffs") will take the depositions upon oral examination of Defendant Intel Corporation, through the officers, directors, agents, or other persons with the most knowledge concerning the topics listed in Schedule A hereto, commencing at 9:30 a.m. on June 16, 2014 at the offices of Jones Day, 1755 Embarcadero Road, Palo Alto, California 94303, or at such other date, time and location as the parties may agree or as may be ordered by the Court, and continuing if necessary from day to day until completed.

**PLEASE TAKE NOTICE** that the depositions will be recorded by stenographic and/or videographic means before a person authorized to administer oaths and record testimony pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Dated: New York, New York
June 13, 2014

Respectfully submitted,

JONES DAY

*/s/ Todd R. Geremia*

Robert W. Gaffey
Jayant W. Tambe
Todd R. Geremia
Mahesh Venkatakrishnan

222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Lehman Brothers Holdings Inc., and Lehman Brothers OTC Derivatives Inc.*

2

## **CERTIFICATE OF SERVICE**

I, Mahesh Venkatakrishnan, hereby certify that on June 13, 2014, a true and correct copy of the foregoing document was served on counsel of record in this action via email and overnight mail.

*/s/*  Mahesh Venkatakrishnan
Mahesh Venkatakrishnan

# SCHEDULE A

## DEFINITIONS

1. Pursuant to Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules") are incorporated fully and apply to this Schedule A, expressly including but not limited to the definitions of the terms "COMMUNICATION," "CONCERNING," "DOCUMENT," "PERSON," and "PARTIES."

2. The term "INTEL" as used herein shall mean and refer to Intel Corporation and any of its past or present officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other PERSONS working on its behalf, INCLUDING its predecessors and successors in interest.

3. The terms "YOU" and "YOUR" as used herein shall mean INTEL, as defined herein.

4. For the purposes hereof, the reference to any entity shall include any and all past or present officers, directors, employees, associates, consultants, attorneys, representatives, and agents or any other PERSON or entity representing such entity or acting on its behalf as well as any and all affiliate entities, predecessors and successors in interest, and their respective officers, directors, employees, associates, consultants, attorneys, representatives, and agents.

## TOPICS

1.  The timing and processes for INTEL's retirement of shares of common stock of Intel Corporation acquired through either "open-market purchases" or "10b5-1 repurchases" or "10b5-1 plan[s]" from October 1, 2007 to present, as those terms are used in the document Bates-stamped 55009DOC006896-55009DOC006898.

2.  INTEL's repurchase of shares of common stock of Intel Corporation from October 1, 2007 to present through "open-market purchases," as that term is used in the document Bates-stamped 55009DOC006896-55009DOC006898, including, but not limited to, the time periods over which such shares were repurchased and the number of such shares purchased over the course of those periods.

# Exhibit B

## Weingarten, James

| | |
|---|---|
| **From:** | Mahesh V Parlikad [mvparlikad@JonesDay.com] |
| **Sent:** | Monday, June 16, 2014 6:59 PM |
| **To:** | Weingarten, James |
| **Cc:** | Kurtzer-Ellenbogen, David; 'Todd R. Geremia' |
| **Subject:** | Re: Lehman/Intel |

James,

We wanted to discuss extending the July 1 deadline for expert testimony disclosures by 4 weeks.  We can discuss that further tomorrow.

Separately, could you please add George Cahill from Lehman to the security list for tomorrow?

Thanks,
Hesh


Mahesh V. Parlikad
**JONES DAY® - One Firm Worldwide℠**
222 East 41st Street
New York, New York 10017
Office  212.326.3474
Fax: 212.755.7306


| | |
|---|---|
| From: | "Weingarten, James" <JWeingarten@wc.com> |
| To: | "'Todd R. Geremia'" <trgeremia@jonesday.com>, "'Mahesh V. Parlikad'" <mvparlikad@jonesday.com>, |
| Cc: | "Kurtzer-Ellenbogen, David" <DKurtzer@wc.com> |
| Date: | 06/16/2014 06:33 PM |
| Subject: | Lehman/Intel |


```
Todd/Hesh:

Am on the train to New York, and I was told you had called and wanted to discuss a
scheduling issue.   What's up?

James



_____

NOTICE:

This message is intended for the use of the individual or entity
to which it is addressed and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. If the reader
```

1

```
of this message is not the intended recipient or the employee or agent
responsible for delivering this message to the intended recipient, you are
hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication
in error, please notify us immediately by reply or by telephone
(call us collect at (202) 434-5000) and immediately delete this message
and all its attachments.
```

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# Exhibit C

# Weingarten, James

| | |
|---|---|
| **From:** | Todd R Geremia [trgeremia@JonesDay.com] |
| **Sent:** | Tuesday, June 17, 2014 6:02 PM |
| **To:** | Weingarten, James |
| **Cc:** | Mahesh V Parlikad |
| **Subject:** | LOTC / Intel |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

James,

   As we discussed, we are seeking Intel's consent to our request for an extension of the expert disclosure date, from July 1 to July 29.  We would further propose moving the rebuttal date to September 12 and keeping the other dates intact (October 10 for the completion of expert discovery; November 14 for dispositive motions).  We are seeking this in light of the pushout of fact discovery that has occurred, and also due to our schedules and work on other matters.  We are also amenable to discussing other dates with you.

   Please let us know whether you consent to this request.

Thank you,

Todd

---

Todd R. Geremia (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
222 East 41st Street
New York, New York  10017-6727
Office +1.212.326.3429
trgeremia@jonesday.com

---

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# Exhibit D

## Weingarten, James

| | |
|---|---|
| **From:** | Mahesh V Parlikad [mvparlikad@JonesDay.com] |
| **Sent:** | Thursday, May 29, 2014 1:03 PM |
| **To:** | Weingarten, James |
| **Cc:** | Kurtzer-Ellenbogen, David; Todd R Geremia |
| **Subject:** | LOTC/Intel Scheduling |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

James,

Thank you for rescheduling the Rule 30(b)(6) deposition to June 17, as we requested.  And following up on our conversation yesterday,  we are fine extending the deadline to serve requests for admission and Local Bankruptcy Rule 7033-1(c) interrogatories to June 24.  We would also suggest correspondingly moving the due-date for responses to those RFAs and Rogs from July 16 to August 8.  Please let us know if that works for you.

Regards,
Hesh



Mahesh V. Parlikad
**JONES DAY® - One Firm Worldwide℠**
222 East 41st Street
New York, New York 10017
Office  212.326.3474
Fax: 212.755.7306



==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

1

# Exhibit E

# Weingarten, James

| | |
|---|---|
| **From:** | Weingarten, James |
| **Sent:** | Thursday, June 12, 2014 12:49 PM |
| **To:** | 'Mahesh V Parlikad' |
| **Cc:** | 'Todd R Geremia'; Kurtzer-Ellenbogen, David |
| **Subject:** | Intel/Lehman - LBI 30b6 |

Hesh:

As a courtesy, I am writing to inform you that, at LBI's request, we are going to renotice the LBI 30b6 deposition for June 30.

Sincerely,
James


**James H. Weingarten**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5775 | (F) 202-434-5029
JWeingarten@wc.com | www.wc.com